**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MATTHEW D. AREMAN, ESQUIRE
MARKOWITZ & RICHMAN
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
(215) 875-3100
    *Attorneys for Plaintiffs, United Government Security*
    *Officers of America, Int'l Union and United Government*
    *Security Officers of America, Local 315*

| | |
|---|---|
| UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, INTERNATIONAL UNION<br>8720 Wolff Court, Suite #210<br>Westminster, CO 80031<br><br>    and<br><br>UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL 315,<br>PO Box 3154<br>Elizabeth, NJ 07207-3154<br><br>        Plaintiffs<br>  vs.<br><br>CCA of TENNESSEE, LLC.<br>10 Burton Hills Blvd.<br>Nashville, TN 37215,<br><br>        Defendant. | Civil Action No._____<br><br><br><br><br>**COMPLAINT** |

      Plaintiffs, United Government Security Officers of America, International Union and United Government Security Officers of America, Local 315, by and through their counsel of record, complaining of the defendant, CCA of Tennessee, LLC, respectfully alleges:

## NATURE OF THE CLAIM

1. This action is commenced to compel defendant, CCA of Tennessee, LLC, to comply with the arbitration provision of its collective bargaining agreement with the Plaintiffs, United Government Security Officers of America, International Union and United Government Security Officers of America, Local 315.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 as the claims arise under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

## VENUE

3. Venue is proper in this District by virtue of 28 U.S.C. §1391(a) as this is an action to enforce a contract that governs the performance of security services at the Elizabeth Detention Center, 625 Evans Street, Elizabeth, New Jersey ("Elizabeth Detention Center").

## PARTIES

4. Plaintiffs, United Government Security Officers of America, International Union and United Government Security Officers of America, Local 315 (collectively the "UGSOA" and/or "Plaintiffs"), are the exclusive collective bargaining representatives for employees of defendant working as security officers ("SOs") at the Elizabeth Detention Center. Plaintiffs are labor organizations representing employees in an industry affecting

commerce, as defined in the LMRA (29 USC §§ 142(1) and (3) and 152(5)), and within the meaning of Section 301 of the LMRA (29 USC § 185).

5. Defendant, CCA of Tennessee, LLC ("CCA"), is a corporation doing business in various states and judicial districts, including this judicial district, with its corporate headquarters in Nashville, TN. For all relevant time periods, defendant was an employer as that term is defined under the Labor Management Relations Act, 29 U.S.C. §152(2), and was authorized to do business within the jurisdiction of this Court. Defendant is an employer in an industry affecting commerce, as defined in the LMRA (29 USC §§ 142(1) and (3) and 152(2)), and within the meaning of Section 301 of the LMRA (29 USC § 185).

6. CCA is the employer of the SOs working at the Elizabeth Detention Center.

7. At all times relevant hereto, CCA has been a party to a collective bargaining agreement ("CBA") with the Plaintiffs [The applicable CBA is attached hereto as Exhibit A].

## COUNT I
## BREACH OF CONTRACT IN VIOLATION OF 29 U.S.C. § 185

8. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 6 as if fully set forth herein.

9. The applicable CBA between the UGSOA and CCA contains a grievance and arbitration provision providing for the resolution of disputes arising under the CBA via binding arbitration.

10. Pursuant to the aforementioned CBA, the UGSOA timely filed and demanded arbitration on the following grievances ("Grievances") with defendant [Grievances are attached

hereto as Exhibit B]:

  i. 022714-01 Annie Cannon Discipline

  ii. 071113-01 Hakeim Hawkins Discipline

  iii. 032714-01 Tina Jones Discipline

  iv. 051114-01 Alex Lopez Discipline

  v. 050414-01 Hector Orellano Discipline

11. CCA advised the UGSOA that it will not arbitrate these grievances.

12. CCA has refused to adjust, settle, respond or proceed with the Grievances under the applicable grievance and arbitration mechanism(s) contained in the parties' CBA.

13. The CBA requires just cause for discipline and provides for the resolution of grievances arising out of the same via binding arbitration. The aforesaid Grievances involve discipline and are therefore grievable as a matter of right under the provisions of the CBA. Accordingly, CCA is required to arbitrate the Grievances upon request by the UGSOA. The UGSOA has fully complied with all requirements of the CBAs' prerequisites and CCA is in violation of the CBA's grievance and arbitration provisions in refusing to proceed to arbitration on the Grievances.

14. CCA's refusal to adjust, settle, respond or proceed with arbitration of the Grievances under the applicable grievance and arbitration mechanism contained in the CBA is and has been in bad faith and is a deliberate and premeditated action on its part designed to thwart the effectiveness and efficiency of the grievance and arbitration procedures of the CBA. CCA's actions were taken with the purpose of having a chilling effect on its employees'

UGSOA-represented rights to file and pursue grievances and arbitration. CCA's actions in this regard constitute a willful violation, breach and abrogation of the parties' CBA in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

15. Pursuant to Section 301 of the LMRA, 29 U.S.C. §185(a), this Court is empowered to determine that CCA has breached the CBA, in addition to ordering and compelling the defendant to proceed with the arbitration of the Grievances.

16. By refusing to proceed to arbitration, CCA has breached its contractual obligations that it clearly assumed with the UGSOA in violation of Section 301 of the LMRA, 29 U.S.C. §185(a), and thereby caused damage to the Plaintiffs and their members.

**WHEREFORE**, the plaintiffs respectfully request judgment against the defendant as follows:

(a) A judgment declaring that the defendant is bound to the CBA, that it breached the CBA by refusing to arbitrate the Grievances, and that the defendant is legally obligated to adjust, settle, or proceed immediately to arbitration on the Grievances;

(b) An award of plaintiffs' attorneys' fees and costs incurred in bringing this action;

(c) An award of pre- and post-judgment interest;

(d) An award of damages in an amount to be determined at trial, including, but not limited to, exemplary, punitive and/or liquidated damages, as may be awarded under the Labor Management Relations Act and/or in the Court's discretion.

## COUNT II
## FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

17. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

18. In addition to, and in the alternative, the Plaintiffs further allege that they do not have an adequate remedy at law, since only a judgment declaring that CCA is obligated to proceed to arbitration on the Grievances, and specific enforcement of the contractual provisions of the CBA, will not provide the Plaintiffs with the relief required under the circumstances.

Pursuant to Section 301 of the LMRA, 29 U.S.C. $\S$ 185(a), and the Declaratory Judgment Act of June 25, 1948, c. 646, 62 Stat. 964, as amended (28 U.S.C. §§ 2201, 2202), this Court is empowered to render declaratory judgment relief, grant other requested relief, and determine that CCA breached the CBA. In addition, this Court is empowered to order the Defendant to arbitrate the Grievances in accordance with the CBA.

**WHEREFORE**, the Plaintiffs respectfully request judgment against the defendant as follows:

(a) A judgment declaring that the defendant is bound to the CBA, that it breached the CBA by refusing to arbitrate the Grievances, and that the defendant is legally obligated to adjust, settle, or proceed immediately to arbitration on the Grievances;

(b) An award of Plaintiffs' attorneys' fees and costs incurred in bringing this action;

(c) An award of pre- and post-judgment interest;

(d) An award of damages in an amount to be determined at trial, including, but not limited to, exemplary, punitive and/or liquidated damages, as may be awarded under the Labor Management Relations Act and/or in the Court's discretion.

Respectfully submitted,

/s/ Matthew D. Areman
MATTHEW D. AREMAN, ESQUIRE
Markowitz & Richman
123 S. Broad Street, Suite 2020
Philadelphia, Pennsylvania 19109
(215) 875-3100
mareman@markowitzandrichman.com

*Attorneys for Plaintiffs, United Government Security Officers of America, Int'l Union and United Government Security Officers of America, Local 315*

/s/ Robert B. Kapitan
ROBERT B. KAPITAN, ESQUIRE
Ohio Reg. 0074327
8670 Wolff Court, Suite 210
Westminster, CO 80031
(303) 703-9307 - telephone
(303) 650-8510 - facsimile
rkapitan@ugsoa.com

*Of Counsel, United Government Security Officers of America, Int'l Union and United Government Security Officers of America, Local 315*

Dated: July 24, 2015