<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, INTERNATIONAL UNION; UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL 315, | : : : : | Case: 2:15-cv-5745-SDW-LDW |
| Plaintiffs, | : : | |
| v. | : | **OPINION** |
| CCA OF TENNESSEE LLC, | : : | |
| Defendant. | : | June 13, 2016 |

**WIGENTON**, District Judge

Before this Court is Defendant CCA of Tennessee, LLC's ("CCA" or "Employer" or "Defendant") Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337, as the claims arise under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). Venue is proper pursuant to 28 U.S.C. § 1391. This Opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

**a.** *The Parties*

1

Plaintiffs United Government Security Officers of America, International Union and United Government Security Officers of America, Local 315 (collectively, the "Union" or "Plaintiffs") are the collective bargaining representatives for the security officers employed by Defendant CCA at the Elizabeth Detention Center in New Jersey. (Compl. ¶¶ 3-4.)

Defendant CCA, a corporation headquartered in Nashville, Tennessee, conducts business in several states and judicial districts, including this judicial district. (Compl. ¶ 5.) CCA is an employer in an industry affecting commerce as defined by the LMRA. (*Id.*)

**b.** *Collective Bargaining Agreement*

The Union and CCA are parties to the collective bargaining agreement ("CBA") that governs the detention officers at the Elizabeth Detention Center in Elizabeth, New Jersey. (Compl. ¶ 7; Ex. A). The CBA covers the period from March 26, 2013 through September 24, 2016. (Ex. A.)

The CBA provides that the grievance and arbitration process "shall be the exclusive method to be followed by the Union and the bargaining unit employees in the adjustment or settlement of all grievances and disputes regarding the interpretation or application of the express written terms of this Agreement." (Ex. A, Article 15.)

The CBA sets forth a two-step grievance process. First, all grievances must be presented within ten days of the triggering event, at which time the Employer has ten days to answer. (*Id.*) If the Employer's answer is unsatisfactory, the Union has ten days to submit written notice of its intention to proceed to step two of the process. At step two, the Employer will investigate the grievance and provide a response. If the matter is not resolved, the parties have fifteen days from the Employer's Step 2 response to proceed to non-binding mediation. If the parties refuse to mediate, or if the mediation is unsuccessful, the Union can submit the grievance to arbitration

within fifteen calendar days. The fifteen days runs from the mediation or the issuance of the Employer's Step 2 response to the grievance. (*Id*.) Furthermore, the CBA provides, in relevant part:

> Any grievance not submitted to the Employer in writing within ten (10) days after it occurs shall be deemed abandoned and waived. An untimely grievance shall not [be] processed nor be considered by any arbitrator. Any grievance not processed or appealed by the Union within the time limits set forth at any step of the grievance procedure, shall be considered settled on the basis of the Employer's last proceeding answer . . . All time limits herein are calendar days and may be extended only by mutual written agreement between the Company and the Union.

(*Id*.) Finally, the CBA indicates that grievances "relating or giving rise to a claim of unlawful discrimination, employment tort, violations of public policy, or violation of any federal or state, statute, regulation, or ordinance" are "outside the jurisdiction of any arbitrator." (*Id*.)

**b.** *Grievances*

The Union seeks to compel arbitration of the following grievances:

1. <u>Hakeim Hawkins</u>

On July 11, 2013, the Union filed a grievance on behalf of Hakeim Hawkins, alleging that Hawkins was wrongfully suspended for two days, and seeking rescission of the suspension and reimbursement for lost pay. (Compl., Ex. B.) CCA responded to the grievance on July 16, 2013 and the Union did not take further action.

On January 10, 2014, Hawkins filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") based on the same two-day suspension, which Hawkins argued was discriminatory and retaliatory under Title VII of the Civil Rights Act of 1964. (Model Cert., Ex. A.)

2. <u>Hector Orellano and Alex Lopez</u>

The Union filed grievances for Hector Orellano and Alex Lopez on May 4, 2014 and May 11, 2014, respectively. (Compl., Ex. B.) On September 13, 2014, CCA declined to mediate both the Lopez and Orellano Grievances. (Model Cert., Ex. B.)

On November 17, 2014, the Union informed CCA that the Lopez and Orellano grievances were "slated for Arbitration." (Model Cert., Ex. B.) In response, CCA claimed that these grievances were never submitted to arbitration and that the time to proceed expired on September 28, 2014. (*Id.*) As a result, the Union attempted to proceed to arbitration, but CCA declined to move forward.

### 3. Annie Cannon

On February 27, 2014, the Union submitted a grievance on behalf of Annie Cannon, and it was mediated without resolution. (Compl., Ex. B.) The parties agreed to toll the time to further process the grievance and on September 9, 2014, CCA informed the Union that the time to submit the grievance to arbitration had begun to run pursuant to the time limits under the CBA. (Model Cert., Ex. D.)

In its November 18, 2014 correspondence, CCA stated that the Union had failed to act within the required time limits. (Model Cert., Ex. B.) When the Union attempted to arbitrate the grievance, CCA declined, alleging the attempt was untimely.

### 4. Tina Jones

The Union filed a grievance on behalf of Tina Jones on March 27, 2014. (Compl., Ex. B.) On June 12, 2014, CCA denied the grievance and indicated that the Union had fifteen days to proceed to arbitration. (Model Cert., Ex. D.) The Union claims that CCA failed to move for arbitration by the June 27, 2014 deadline.

4

### c. NLRB unfair labor practice charge

On November 28, 2014, the Union filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") alleging that CCA interfered with employees' rights by declining to arbitrate the above grievances. (Model Cert., Ex. E.) CCA asserts that on February 27, 2015, the NLRB dismissed the charge because the record "failed to reveal evidence that the Employer acted in bad faith or that it modified terms and conditions of the parties' CBA." (Def.'s Br. 8.) The NLRB determined that CCA's refusal to arbitrate was based on the CBA provisions for time limits and for precluding discrimination claims from arbitration. (*See id.*)

### d. Complaint and Motion to Dismiss

On July 24, 2015, the Union filed its two-count Complaint, alleging that the Union timely sought arbitration and the Employer breached the CBA. (Dkt. No. 1.) On November 23, 2015, CCA filed the present Motion to Dismiss, and on January 5, 2016, the Union filed opposition. (Dkt. No. 8, 13.) CCA filed its reply on January 12, 2016. (Dkt. No. 14.)

## II. LEGAL STANDARD

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief"). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint

5

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("*Twombly*"). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks omitted). According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

### III. DISCUSSION

#### a. Converting the Motion to Dismiss

The general rule is that a district court may not consider material extraneous to the pleadings when ruling on a motion to dismiss. *In re Burlington Coat Factory*, 114 F.3d 1410,

6

1426 (3d Cir.1997). However, a court may consider a "document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *Id*. (internal quotation marks omitted). A plaintiff "cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Id*. In support of the Motion to Dismiss, CCA attaches exhibits to its Model Certification confirming the dates when the Union's claims accrued and showing that the Hawkins grievance is not covered by the CBA. (Dkt. No. 8, Model Cert.) This Court finds that these exhibits are integrally related to the Union's claims regarding the statute of limitations and this Court's jurisdiction to compel arbitration. Therefore, the Motion to Dismiss need not and will not be converted into a motion for summary judgment.

  **b. Statute of Limitations**

  Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA") applies to "violation[s] of contracts between an employer and a labor organization." Because the LMRA lacks an express statute of limitations, the court must "borrow the most suitable statute" from another source. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983) (internal quotation marks omitted). The cause of action "arises when the employer takes an unequivocal position that it will not arbitrate." *Fed'n of Westinghouse Indep. Salaried Unions v. Westinghouse Electric Corp.*, 736 F.2d 896, 902 (3d Cir. 1984).

  In *DelCostello*, the Supreme Court of the United States held that Section 10(b) of the National Labor Relations Act ("NLRA") carries a six-month statute of limitations that applies to a hybrid LMRA—duty of fair representation action where an employee claims that his employer breached the collective bargaining agreement and his union unfairly managed the grievance and arbitration process. 462 U.S. at 168. In support, the Court noted that a six-month limitations

period allows for the "relatively rapid final resolution of labor disputes favored by federal law." *Id*.

Similarly, the Third Circuit has held that the six-month statute of limitations under Section 10(b) applies to LMRA actions seeking to compel arbitration, citing the *DelCostello* ruling in support. *Westinghouse*, 736 F.2d at 901-02. In *Westinghouse*, plaintiffs sued under the LMRA to compel arbitration of a grievance filed by the union on behalf of a former employee.[1] *Id*. at 897. This Court finds that *Westinghouse* is analogous to the present matter and governs the analysis herein.

Accordingly, the Union's Complaint is barred by the six-month statute of limitations. The cause of action arose on November 28, 2014, when the Union filed its charge with the NLRB indicating that CCA had taken the unequivocal position that it would not arbitrate the grievances.[2] (Model Cert., Ex. E). Although the Union had six months to file a Section 301 LMRA claim, it waited to file the Complaint to compel arbitration on July 24, 2015. As such, the Complaint is untimely and will be dismissed in its entirety.[3]

   c. **Hawkins grievance**

In addition to the statute of limitations bar, the grievance filed by Hawkins is non-arbitrable pursuant to the CBA. The CBA provides that grievances "relating or giving rise to a claim of

---

[1] Plaintiff's attempt to distinguish *Westinghouse* is unpersuasive. Plaintiff argues that unlike the present case, *Westinghouse* involved a hybrid action. However, the underlying claim in *Westinghouse* involved an LMRA claim to compel arbitration and not an additional claim for breach of the duty of fair representation as was the case in the hybrid *DelCostello* case.

[2] The Union's argument that this was not an unfair labor practices charge because the NLRB dismissed the charge is to no avail. The Union itself filed it as an unfair labor practices charge alleging that Defendant breached the CBA and failed to arbitrate the subject grievances.

[3] This Court finds no basis for tolling the limitations period. *See Kolomick v. United Steelworkers of Am., District 8*, 762 F.2d 354, 356 (4th Cir. 1985).

unlawful discrimination, employment tort, violations of public policy, or violation of any federal or state, statute, regulation, or ordinance" are "outside the jurisdiction of any arbitrator." (Compl., Ex. A.)  Because the Hawkins charge and grievance are based on alleged discriminatory conduct, the grievance is outside the scope of arbitration.

### IV. CONCLUSION

For the foregoing reasons, CCA's Motion to Dismiss is **GRANTED**.

s/ Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
cc:     Hon. Leda D. Wettre, U.S.M.J.
        Parties